UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **JALEN J. WALKER**, Petitioner, v. **UNITED STATES OF AMERICA**, Respondent. | 4:15-cr-20639 HON. TERRENCE G. BERG **ORDER DENYING MOTION FOR NON-BINDING PLACEMENT RECOMMENDATION TO BUREAU OF PRISONS** |

Petitioner Jalen J. Walker was convicted of the offense of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(2). On June 16, 2016, this Court sentenced him to serve 54 months in prison. On February 26, 2018, when Petitioner was 16 months away from him release date, he filed a motion requesting that the Court issue a non-binding recommendation to the Federal Bureau of Prisons ("BOP") suggesting he be permitted to serve between six and twelve months of his sentence in a Residential Reentry Center ("RRC") placement, and the last six months of his sentence in home confinement. ECF No. 31. Because the BOP has already provided Petitioner with his requested RRC placement[1] and he was released from custody as of July 19, 2019, the

---

[1] Petitioner was under the supervision of a Residential Reentry Management field office in the Detroit, Michigan area from at least February 1, 2019 until his release

Court will deny his motion as moot. *See* ECF No. 33 PageID.152 (Gov't Br.) (stating that Petitioner has already been placed in an RRC).

## DISCUSSION

18 U.S.C. § 3624(c) provides that the BOP "shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for . . . reentry." Consistent with this statute, the BOP may permit a prisoner to serve the end of his or her sentence in an RRC or under home confinement, though home confinement is only allowed "for the shorter of 10 percent of the term of imprisonment . . . or 6 months." 18 U.S.C. § 3624(c)(1)–(2).

Critically, "[t]he BOP, not the court, is responsible for designating the place of a prisoner's imprisonment." *United States v. Townsend*, 631 F. App'x 373, 378 (6th Cir. 2015); 18 U.S.C. § 3621(b). Though this Court has discretion to make a recommendation regarding where Petitioner serves his sentence, that recommendation "shall have no binding effect of the Bureau under this section to determine or change the place of imprisonment of that person." *Id* (quoting § 3621(b)). *See United States*

---

from custody on July 19, 2019. *See* ECF No. 34 (Certificate of Service for the government's brief in opposition explaining that Petitioner was served through RRM Detroit.).

2

v. *Jalili*, 925 F.2d 889, 894 (6th Cir. 1991) (courts have no jurisdiction to choose where a prisoner serves his or her sentence).

Though the BOP is ultimately responsible for the Petitioner's placement, the BOP must consider courts' recommendations in making placement decisions. *See* 18 § 3621(b)(4)(B). When determining whether to recommend that a specific individual be placed in an RRC, a court may consider the prisoner's behavior during his or her sentence, including records of participation in classes and programs in prison, as well as whether RRC placement will promote the goals of rehabilitation. *See, e.g., United States v. Bartels*, No. 12-cr-20072, 2016 WL 6956796, *1 (E.D. Mich. Nov. 29, 2016); *United States v. Ahmed*, No. 1:07CR00647, 2017 WL 51664 27, *2 (N.D. Ohio Nov. 8, 2017); *United States v. Collins*, No. 2:15-cr-00176-7, 2018 WL 1157508, *1 (E.D. Cal. Mar. 5, 2018).

The Court commends Petitioner's participation in numerous classes while serving his sentence at Milan Federal Correctional Institute. His transcript indicates that he completed his GED or high school diploma in September 2016 and took various other educational courses in 2016 and 2017, including intention-setting, business math, and a class that will help him obtain his commercial drivers' license. ECF No. 31 PageID.146 (Milan FCI Inmate Transcript). Because Petitioner had already been transferred to his requested RRC placement, however, and was released on July 19, 2019, the Court finds that issuing a non-binding

recommendation for six months of home confinement would at this point provide no relief.

## CONCLUSION

For these reasons, the Court hereby **DENIES** Petitioner's motion requesting that the Court issue a non-binding recommendation to the BOP suggesting he serve between six months and a year in an RRC, and the last six months of that period in home confinement. The Court further **DENIES** a certificate of appealability, and **GRANTS** permission to appeal in forma pauperis.

**SO ORDERED.**

Dated: July 24, 2019     s/Terrence G. Berg
                         TERRENCE G. BERG
                         UNITED STATES DISTRICT JUDGE